641 F.2d 60
 Valerie UNDERWOOD, Margaret Ellis, Lloyd Bruce, Ida Colon,
individually, and on behalf of all others
similarly situated, Plaintiffs-Appellees,
v.
The STATE OF NEW YORK OFFICE OF COURT ADMINISTRATION,
Honorable Herbert B. Evans, in his capacity as State
Administrative Judge of the New York State Office of Court
Administration, Defendants-Appellants,
and
The New York State Civil Service Commission, Victor S.
Bahou, in his capacity as President of the New York State
Civil Service Commission and Civil Service Commissioner,
James F. McFarland and Josephine L. Gambino, each in their
capacity as Civil Service Commissioners, the Director of
Personnel for the New York State Department of Civil
Service, Defendants-Appellants,
and
James Ruffin, Dexter Taylor, Carlos Negrini, John Meade,
Barbara De Rosa and Daniel Scherr,
Defendants-Intervenors-Appellees.
 No. 292, Docket 80-7542.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 12, 1980.
Decided Jan. 14, 1981.
Opinion filed Feb. 9, 1981.
 
 Howard L. Zwickel, Asst. Atty. Gen. of New York (Robert Abrams, Atty. Gen. of New York, George D. Zuckerman, Asst. Sol. Gen., Ellen Marks, Asst. Atty. Gen., New York City, of counsel), for defendants-appellants.
 James C. Jones, New York City (Eugene Bogan, Kip Lenoir, Lake, Bogan, Lenoir, Jones & Thompson, P. C., New York City, of counsel), for plaintiffs-appellees.
 John Eiseman, New York City (Stephen G. Crane, Michael Colodner, New York City, of counsel), for defendants-appellants.
 William J. Breuer, Ridgewood, N. Y., for defendants-intervenors-appellees.
 Before MOORE, MANSFIELD and MULLIGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The New York State Civil Service Commission, Victor S. Bahou, James F. McFarland and Josephine L. Gambino appeal from an order and judgment of the District Court for the Southern District of New York entered by Judge Charles S. Haight, Jr., on May 21, 1980, pursuant to his decision of the same date. The action, brought by a class of minority plaintiffs seeking positions as Uniformed Court Officers (UCOs) in the New York State court system against the Office of Court Administration, the Chief Administrative Judge of the State of New York, and various officers of the New York State Civil Service Commission and Department of Civil Service, claimed that an examination for the position of UCO given in December, 1977, discriminated against them in violation of 42 U.S.C. §§ 1981, 1983, the Fifth and Fourteenth Amendments, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Six provisional UCOs intervened as parties defendant. Extended negotiations between the parties resulted in a settlement agreement, approved by the court, under which a new examination, non-discriminatory and job-related, will be construed and given. The only issue left open and certified to the district court was whether provisional UCOs who were hired prior to and during the pendency of the action, if they should take and pass the new examination, might be given a preference in hiring for permanent positions. The plaintiffs and intervenors did not oppose such a preference. The New York State Court defendants took no position on the question, and the New York Civil Service defendants opposed a preference as contrary to state law and as the equivalent of affirmative relief without a requisite finding of discriminatory intent or of a pattern and practice of significant prior discrimination. See Guardians Association of New York City Police Department v. Civil Service Commission, 630 F.2d 79 (2d Cir. 1980). Judge Haight ordered a preference to those provisional UCOs who met the foregoing conditions, from which only the New York Civil Service defendants appeal.
 
 
 2
 After carefully considering the record, briefs of the parties and oral argument, we affirm the judgment of the district court, substantially for the reasons stated by Judge Haight in his well-reasoned, carefully-considered May 21, 1980, decision. Our affirmance is prompted by the unique circumstances encountered in this case. The number of provisional UCOs who may benefit from the preference is extremely limited in comparison to the anticipated total pool of eligible applicants. While the provisionals who pass the new examination would not be selected on the basis of their rank order in passing that examination, they bring with them on-the-job training and experience as provisionals which is not possessed by the great majority of the applicants. The grant of a preference is consistent with New York State legislative action in promoting provisionals in several Judicial Departments to positions as permanent UCOs. The preference applies with equal force to minority and white provisionals, excluding none because of race. The order of the district court appears to be within its general equity power. Since our decision is limited to the unique and unusual circumstances of this case, it does not undermine the merit-oriented philosophy of the New York Civil Service system. See Kirkland v. New York State Dept. of Correctional Services, 520 F.2d 420 (2d Cir. 1975).